IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERRICK JERMAINE JAY,

        Petitioner,

v.

GARRETT LANEY,

        Respondent.

Case No. 6:19-cv-01495-SI

OPINION AND ORDER

Susan F. Wilk
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Daniel T. Toulson, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Clackamas County convictions dated March 9, 2010. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On April 14, 2009, Petitioner and two accomplices traveled to the home of Jason Gardner with the intention to rob him of marijuana, money, and guns. During the course of the robbery, Gardener sustained a non-fatal gunshot wound to the stomach. Petitioner's accomplices later identified Petitioner as the shooter.

Based on these events, a Clackamas County prosecutor charged Petitioner by information with one count each of Robbery in the First Degree with a Firearm, Assault in the First Degree with a Firearm, Burglary in the First Degree with a Firearm, and Theft in the First Degree. Petitioner was arraigned on these charges on April 27, 2009, and the trial court held a preliminary hearing on May 4, 2009. During that hearing, the prosecutor moved to dismiss the information with leave to reindict Petitioner "at a later time" because the State was not prepared to proceed. Respondent's Exhibit 103, p. 3. The trial judge granted the motion, advising Petitioner that "the state is dismissing the information without prejudice, meaning they could re-file it later, and at that point if they take it to the grand jury there will be a warrant out, you understand?" *Id*. Petitioner stated that he understood.

On August 13, 2009, the Clackamas County Grand Jury indicted Petitioner on ten charges. Four of the charges mirrored the charges from the April information, and the indictment added four additional counts of Theft in the First Degree and two counts of Theft in the First Degree by Receiving. Respondent's Exhibit 102. Following a continuance, the trial court empaneled a jury on December 15, 2009. On the third day of trial, the court declared a mistrial due to improper testimony from one of the State's witnesses. Respondent's Exhibit 108, p. 5.

A retrial ensued on February 23, 2010 which culminated in a jury verdict finding Petitioner guilty of all counts as charged, with the exception of a guilty verdict on the lesser

included offense of Assault in the Second Degree with a Firearm. As a result, the trial court sentenced him to a combination of concurrent and consecutive sentences totaling 239 months' imprisonment.

Petitioner took a direct appeal where, with the assistance of counsel, he raised a merger issue that the State did not oppose, as well as a challenge to his non-unanimous Robbery conviction. In a supplemental *pro se* brief, Petitioner also asserted that his August 2009 indictment subjected him to double jeopardy. In a *per curiam* opinion, the Oregon Court of Appeals rejected the unanimity and double jeopardy arguments without discussion but found that the trial court had plainly erred when it failed to merge the two convictions for Theft by Receiving. *State v. Jay,* 251 Or. App. 752, 284 P.3d 597 (2013). The Oregon Supreme Court denied Petitioner's subsequent petition for review. 353 Or. 209, 297 P.3d 481 (2013).

On July 15, 2013, the Clackamas County Circuit Court held Petitioner's resentencing hearing. Petitioner filed a *pro se* motion in which he asked the Circuit Court to dismiss the criminal action because his reindictment violated his right to double jeopardy. The trial judge denied the motion, explaining as follows:

> That motion turns on the defendant's misunderstanding about what causes jeopardy to attach. The fact that a previous information was dismissed without prejudice for the same charges under a different case number does not constitute an acquittal, nor does it create former jeopardy.
>
> Generally, jeopardy does not attach until a trial jury is empaneled and sworn, under State v. Chandler. If a jury is dismissed after an announcement in court that they cannot reach agreement, then jeopardy is annulled and reattaches when a new trial jury is empaneled and sworn.
>
> The State's inability to convene a grand jury within five judicial days after the date of an in-custody arraignment on an information does not subject a defendant to former jeopardy.
>
> Therefore, the subsequent filing of an [indictment] approved by a grand jury does not constitute double jeopardy.

Respondent's Exhibit 120, pp. 7-8. The sentencing court proceeded to merge the two convictions for Theft by Receiving and impose a prison sentence totaling 220 months.

Petitioner took a direct appeal where he filed two appellate briefs, one with counsel and the other *pro se*, raising claims pertaining to attorney fees, double jeopardy, and consecutive sentences.[1] The Oregon Court of Appeals affirmed the lower court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Jay,* 270 Or. App. 600, 351 P.3d 89, *rev. denied,* 357 Or. 640, 360 P.3d 523 (2015).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR court denied relief on all of his claims. Respondent's Exhibit 152. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. *Jay v. Kelly,* 297 Or. App. 810, 442 P.3d 1139, *rev. denied,* 365 Or. 533, 451 P.3d 992 (2019).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on September 16, 2019 raising claims pertaining to double jeopardy, his speedy trial rights, "jurisdiction," his allegedly illegal consecutive sentence, and prosecutorial misconduct. Respondent asks the Court to deny relief on the Petition because: (1) with the exception of Petitioner's claim that his August 13, 2009 indictment subjected him to double jeopardy claim, he failed to fairly present any of his claims to Oregon's state courts, and they are now procedurally defaulted; and (2) the trial court's denial of Petitioner's preserved double jeopardy claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## DISCUSSION

### I.   Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[1] While he pursued his direct appeal of his resentencing proceeding, Petitioner also filed a Petition for Alternative Writ of Mandamus directly with the Oregon Supreme Court on September 16, 2013. He once again alleged that he was the victim of a double jeopardy violation, but the Oregon Supreme Court denied his motion. Respondent's Exhibits 121-122.

United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II. Exhaustion and Procedural Default

With the assistance of appointed counsel, Petitioner provides briefing in support of three claims: (1) his second prosecution beginning with the August 13, 2009 indictment violated his right to be free from double jeopardy; (2) the second prosecution violated his right to a speedy trial; and (3) the imposition of consecutive sentences in the absence of proper findings violated both due process and the protection against double jeopardy.[2] Respondent asserts that Petitioner did not allow Oregon's state courts an opportunity to pass upon the merits of his sentencing and

---

[2] Petitioner does not provide argument on the procedural posture or the merits of his "jurisdiction" claim or his claim of prosecutorial misconduct. He has therefore not carried his burden of proof. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims). Even if Petitioner had briefed these claims, the Court does not find from its review of the record that the unargued claims would entitle him to relief.

5 – OPINION AND ORDER

speedy trial claims. He maintains that because it is too late for Petitioner to raise these claims in Oregon's state courts, they are procedurally defaulted and ineligible for merits review.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### A.    Speedy Trial Claim

Petitioner asserts that his indictment four months after the trial court granted the State's motion to dismiss the information violated his right to a speedy trial. Respondent contends that Petitioner never presented this issue to Oregon's state courts during his appeals. Petitioner counters that he did, in fact, fairly present the issue to Oregon's state courts during his PCR proceedings.

A review of the record reveals that Petitioner raised his speedy trial claim to the PCR court, prompting it to issue a merits ruling that "a speedy trial motion would have been denied" given the timing associated with Petitioner's prosecution. Respondent's Exhibit 152. Petitioner filed two briefs on appeal, neither of which framed a speedy trial issue for the Oregon Court of Appeals' consideration. In his counseled Appellant's Brief, he presented a single assignment of error: the PCR court erred when it failed to appropriately exercise its discretion in response to petitioner's complaints regarding his court-appointed PCR attorney and, instead of substituting counsel, required him to proceed *pro se*. Respondent's Exhibit 153. In his Appellant's *Pro Se* Supplemental Brief, he purported to bring a single assignment of error, namely that the State twice placed him in jeopardy for the same crimes.[3] Respondent's Exhibit 154. Where he never argued to the Oregon Court of Appeals that his prosecution violated his right to a speedy trial under the U.S. Constitution, he failed to fairly present this claim to Oregon's state courts. Because he can no longer do so, the claim is procedurally defaulted.

Even if Petitioner had not procedurally defaulted this claim, he would not be entitled to relief. "Simply to trigger a speedy trial analysis," Petitioner must, at a minimum, demonstrate a delay approaching one year. *Doggett v. U.S.*, 505 U.S. 647, 652 (1992). The time spanning Petitioner's initial arrest and his first trial was less than eight months, and the time between his arrest and his retrial was less than ten months. In this respect, the PCR court's decision that his speedy trial claim lacked merit was not so clearly wrong that no fairminded jurist could agree with it. *See Richter*, 562 U.S. at 102.

### B. Legality of Consecutive Sentence

Petitioner next alleges that the consecutive nature of his sentence violates his right to due process of law and to be free from double jeopardy because the trial court failed to make specific factual findings required under Oregon law prior to imposing consecutive sentences. Respondent argues that Petitioner did not pursue any such claims in his counseled appellate briefs, and his

---

[3] Although he purported to present a single assignment of error in his *pro se* brief, within the body of that brief, he also appeared to raise claims related to "Jurisdiction" and his consecutive sentences. Nothing in the brief presented a speedy trial claim.

*pro se* appellate briefs presented only claims of state-law error regarding his resentencing. Respondent therefore reasons that Petitioner's challenge to his consecutive sentence is procedurally defaulted.

In Petitioner's Amended Opening *Pro Se* Supplemental Brief that he filed in the Oregon Court of Appeals following his resentencing, he alleges that his sentencing judge sentenced him "to consecutive sentence in violation of O.R.S. 137.123(5)(a)and(b). State and federal law." Respondent's Exhibit 125, p. 10. He alleged that the judge did not "find any facts to show that each offense was separate from one another and distinct." *Id.* He further argued that "the consecutive sentences violated the Double Jeopardy Clause of the 5th Amend. Protection against multiple punishment for the same offense. Blockburger v. U.S. 284 U.S. 299; O.R.S. 137.123(5)(a)and(b) does not authorize consecutive sentences for offenses that arise out of a single act." *Id*. This Court concludes that, in the context of a *pro se* pleading, this was sufficient to fairly present Petitioner's claim that, based upon insufficient findings as required by state law, the sentencing court's imposition of consecutive sentences violated Petitioner's rights to due process and to be free from double jeopardy.

Moving to the merits of Petitioner's challenge to the propriety of his consecutive sentences, ORS 137.123 provides the circumstances under which sentencing judge in Oregon may impose consecutive sentences. When the sentencing judge in this case imposed consecutive sentences as to Robbery I, Assault II, and Burglary I, she specifically stated on the record that she "looked at ORS 137.123, regarding concurrent and consecutive sentences and thought about the facts, and went back over some of the facts. And [her] conclusion was that Counts 1, 2 and 3 are appropriately consecutive based on findings that – that they meet the requirements under ORS 137.123(5)(A) and (B)." Respondent's Exhibit 120, pp. 4-5. In this respect, the sentencing judge based her decision to impose consecutive sentences on the proper statute, applying it to the facts of the case before her.

Moreover, during Petitioner's PCR proceedings, he claimed that his trial attorney was ineffective for failing to object to the imposition of consecutive sentences. In denying relief on

8 – OPINION AND ORDER

that claim, the PCR court specifically determined that although all three charges that resulted in consecutive sentences arose from a single incident, "[t]he sentence is legal" because "all [three charges] have different elements and one could clearly commit one of the crimes without committing the others." Respondent's Exhibit 152, p. 3. It also recognized that the Oregon Court of Appeals had affirmed the sentence on direct review. *Id*. As the Supreme Court has repeatedly emphasized, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Where the sentencing court imposed consecutive sentences consistent with the requirements of Oregon law, Petitioner's due process and double jeopardy claims lack merit.

      C.      **<u>Second Prosecution and Double Jeopardy</u>**

Lastly, Petitioner argues that the State violated his protection from double jeopardy when it subjected him to the burdens of multiple prosecutions despite his expectation that he would not be prosecuted after the State dismissed the April 2009 information. He asserts that he had a reasonable expectation of finality in the dismissal of the information, especially where the dismissal was instigated by the prosecution. He also points out that despite the dismissal of the information, he was not eligible for outright release due to a pending detainer in another jurisdiction.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. The "central purpose of the Double Jeopardy Clause [is] to protect [a defendant] against vexatious multiple prosecutions." *United States v. Wilson*, 420 U.S. 332, 343 (1975). The Supreme Court has determined that "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether that be a jury or a judge.'" *Serfass v. United States*, 420 U.S. 377, 388 (1975) (internal quotation omitted). Consequently, in the context of a jury trial, jeopardy attaches once the jury is empaneled and sworn in. *Downum v. United States*, 372 U.S. 734 (1963).

As discussed in the Background of this Opinion, the sentencing judge rejected Petitioner's double jeopardy argument in the context of a motion to dismiss because the prosecutor's filing of the April 2009 information did not cause jeopardy to attach. Petitioner points to no clearly established federal law that supports the proposition that the State twice placed him in jeopardy for the same offense because it moved to dismiss the information well before a jury was empaneled and sworn in. To the contrary, the clearly established federal law reflects precisely what the trial judge advised Petitioner when it denied his *pro se* motion to dismiss. Accordingly, the state-court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

December 1, 2022
DATE

Michael H. Simon
United States District Judge